IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Fredrick Goings (#M-36022), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 3102 |
| v. ) | |
| ) | Hon. Marvin E. Aspen |
| John Baldwin, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Fredrick Goings, a state prisoner, alleges correctional staff failed to protect him from an attack by his cell mate while being housed at Stateville Correctional Center on May 12, 2018. Before the Court is Defendants' motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Dkt. 84)[1], to which Plaintiff has responded (Dkt. 106). For the reasons stated below, Defendants' motion is denied.

**I. Summary Judgement Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is

---

[1] Defendant Alice Fitzgerald originally filed the pending motion for summary judgment (Dkt. 84) which was joined by Defendants Burkybile, Collaso, Dunlap, Fox, Hamilton, Lake, Lieby, Nicholson, Rabideau, Taylor, and Vegara (Dkt. 95.) Defendant Fitzgerald was later dismissed by stipulation and terminated as a party to the case (Dkt. 102.)

1

such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**II. Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary."

*Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." LR 56.1(b)(3). Material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. *Smith*, 321 F.3d at 683. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 86.) Defendants submitted amended exhibits to the Rule 56.1 statement of material facts. (Dkt. 87.) Consistent with the local rules, Defendants also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 88.)

3

In response, Plaintiff submitted a response to Defendants' motion for summary judgment (Dkt. 106.) Plaintiff did not submit a response to Defendants' statements of fact, so they are deemed admitted. Plaintiff's response sets forth his arguments in opposition to the motion for summary judgment and citations to certain records, including the two duplicate grievances he filed regarding the failure to protect incident underlying the complaint.

With the above discussion in mind, the facts below are taken from the Defendants' Local Rule 56.1 statements of material facts, Plaintiff's response to the motion, including the grievances submitted by Plaintiff, and any arguments made in Defendants' reply brief. (Dkt. 111.) The Court accepts as true any undisputed statements of fact from the parties' statements. Where the parties' statements are properly supported by the cited materials and are not otherwise disputed by the evidence raised by the opposing party, the Court considers those statements as undisputed. *See* LR 56.1(e)(3). The Court has carefully examined each response submitted by the parties for relevancy, evidentiary support, and admissibility in construing the facts of this case and gives deference to Plaintiff's version of the facts where they are properly presented and supported by admissible evidence. The Court will not consider purely legal arguments, responses lacking evidentiary support, or responses that are inconsistent with deposition testimony.

## III. Facts

Plaintiff, Fredrick Goings, is currently incarcerated by the Illinois Department of Corrections ("IDOC") at Dixon Correctional Center. (Dkt. 86, Def. SOF ¶ 5, and see the docket, updated to reflect Plaintiff's present location.) Defendants Ralph Burkybile, Christopher Collaso, Troy Dunlap, Andrew Fox, Othello Hamilton, Maurice Lake, Shane Leiby, Walter Nicholson, Karen Rabideau, Xavier Taylor, and Ambrosio Vergara are IDOC-employed officials serving in the positions of correctional officers and wardens. (Dkt. 86, Def. SOF ¶ 7.)

On May 8, 2019, Plaintiff filed his initial complaint in this prisoner civil rights lawsuit, pursuant to 42 U.S.C. § 1983, while he was incarcerated at Menard Correctional Center. (*Id*. at ¶ 1.) On May 22, 2020, the Plaintiff filed his First Amended Complaint with substantially the same allegations as his initial complaint. (*Id*. at ¶ 2.) In this Court's 28 U.S.C. § 1915A review of Plaintiff's Amended Complaint, the Court held that Plaintiff may proceed on a failure to protect claim against Defendant Fitzgerald for events that allegedly occurred at Stateville Correctional Center ("Stateville"). (*Id*. at ¶ 3.) The Plaintiff alleged that he was attacked by his cellmate in cell #117 in May 2018. *Id*. Prior to the attack, the Plaintiff claims that he informed numerous correctional officials of an impending confrontation with this inmate, but officials failed to take action resulting in Plaintiff sustaining injury. *Id*.

On August 4, 2020, the Administrative Review Board ("ARB") was served with a subpoena requesting any and all records contained within Plaintiff Fredrick Goings' grievance file. (*Id*. at ¶ 8.) Contained within the ARB's records are two duplicate grievances, dated May 27, 2018, that relate to or reference the May 2018 altercation described in Plaintiff's Amended Complaint. (*Id*. at ¶ 9.)

On May 27, 2018, Plaintiff filed a grievance alleging that he was denied his right to a fair adjustment committee hearing after he was given a disciplinary ticket for fighting with his cellmate earlier that month in cell #117. (*Id*. at ¶ 10.) The disciplinary ticket and decision – attached to the grievance – is dated May 12, 2018. *Id*. In the grievance, Plaintiff stated that he received a disciplinary ticket from officer Wilson-Pugh (Badge No. 12886) after it was determined Plaintiff had engaged in a physical altercation with his cellmate. (*Id*. at ¶ 11.) Plaintiff believed that the adjustment committee's chairperson, Charles F. Best, was incapable of impartiality and thus wanted his ticket expunged. *Id*. In the grievance Plaintiff alleged that he mailed certain questions

5

to the adjustment committee prior to the committee issuing its ruling. (*Id*. at ¶ 12.) Plaintiff stated that the adjustment committee found him guilty of the charge of fighting with his cellmate after its review of all the evidence. (*Id*. at ¶ 13.)

On June 19, 2018, the ARB received the Plaintiff's May 27, 2018 grievance. (*Id*. at ¶ 15.) This grievance was not submitted with a counselor's, grievance officer's, or Chief Administrative Officer's ("Warden") response. *Id*. On June 26, 2018, the ARB determined that the Plaintiff's grievance was procedurally improper since the Plaintiff did not provide a copy of a Grievance Officer's or Warden's response to his May 27, 2018 grievance. (*Id*. at ¶ 16.)

Plaintiff's grievance file contains a duplicate grievance dated May 27, 2018, designated as Grievance No. 4575." (*Id*. at ¶ 17.) The substance of the grievance is comprised of the same content as the other grievance Plaintiff submitted on May 27, 2018, and contains a description of the failure to protect incident underlying the complaint in this case. *Id*. *and see* Dkt. 87-2, pp. 131-133.

On July 4, 2018, the Plaintiff received a grievance response from his counselor indicating that the adjustment committee acted in accordance with Department Rule 504 and that the counselor could not substantiate any staff misconduct as alleged. (Dkt. 86, Def. SOF ¶ 18.) On July 27, 2018, Grievance Officer Anna McBee denied the Plaintiff's appeal, stating that his claims could not be substantiated and that Plaintiff's disciplinary ticket would be upheld. (*Id*. at ¶ 19.) On August 17, 2018, Warden Walter Nicholson concurred with the Grievance Officer's determination. (*Id*. at ¶ 20.)

On September 3, 2018, the Plaintiff completed the bottom section labeled "Committed Person's Appeal to the Director." (*Id*. at ¶ 21.) On September 19, 2018, the ARB received the

6

Plaintiff's appealed grievance. (*Id*. at ¶ 23.) On October 29, 2018, the ARB determined that the Plaintiff's allegations could not be substantiated. (*Id*. at ¶ 23.)

**IV. Analysis**

Given these facts, Defendants move for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. They argue that Plaintiff failed to exhaust as to the first grievance because he did not properly complete the process as outlined in the Illinois Administrative Code, 20 Ill. Admin. Code § 504.850(a), and that he failed to exhaust as to the duplicate grievance because it was untimely submitted to the Administrative Review Board in Springfield, and it did not properly put the IDOC on notice of the claim underlying Plaintiff's complaint.

"[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust his administrative remedies, an inmate must complete each of the steps prescribed by prison's rules governing prison grievances. *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (*citing Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("Unless a prisoner completes the administrative process by following rules the state has established for that process, exhaustion has not occurred."). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem before burdensome litigation is filed." *Chambers*, 956 F.3d at 983 (*citing Woodford v. Ngo*, 548 U.S. 81, 93–95(2006), and *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)). However, grievances are not intended to put an individual defendant on notice of a claim against him. *Jones v. Bock*, 549 U.S.

7

199, 219 (2007) ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit....[E]arly notice to those who might later be sued...has not been through to be one of the leading purposes of the exhaustion requirement.")

Plaintiff submitted the first grievance directly to the Administrative Review Board in Springfield, thus it did not counselor's, grievance officer's, or chief administrative officer's ("warden") response. According to the Illinois Administrative Code, if an inmate wishes for the ARB to review an appealed grievance, it must have attached, a grievance officer's and a warden's response. *See* Ill. Admin. Code. § 504.850(a). Unless a prisoner completes the administrative process by following rules the state has established for that process, exhaustion has not occurred. *Chambers v. Sood*, 956 F.3d at 983. Because Plaintiff did not complete the administrate process following the rules the State of Illinois has established for the process, the record establishes that Plaintiff did not exhaust as to the first grievance submitted.

However, Plaintiff submitted a second, or duplicate grievance, identified as "Grievance No. 4575. The second grievance does include a grievance officer's and a warden's response, was reviewed by the ARB and denied because Plaintiff's allegations could not be substantiated.

Defendants make two arguments with regard to the second grievance. First, they argue that the grievance was untimely. However, the ARB made no such finding, and decided the grievance on the merits, finding that Plaintiff's allegations could not be substantiated. The Seventh Circuit Court of Appeals has repeatedly held that if prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Thus, Defendants' argument that Plaintiff's second grievance was untimely fails.

8

Defendants' second argument is that Plaintiff's second grievance failed to put Defendants sufficiently on notice of the claim underlying the complaint in this case. However, Plaintiff's second grievance, while it does challenge his disciplinary ticket and the process by which he was convicted of the ticket, it also describes the incident of failure to protect on May 12, 2018, underlying the complaint in this case. (Dkt. 87-2, pp. 131-133.) Accordingly, Defendants' argument fails and their reliance on *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014) is misplaced. The record, therefore, supports a finding that Plaintiff properly exhausted his administrative remedies regarding the claim he is pursuing in this case. As such, Defendants' motion is denied.

## V. Conclusion

For the reasons stated above, the Court denies Defendants' motion for summary judgment [84]. The stay of discovery [68] is lifted and the parties should proceed with discovery as to Plaintiff's substantive claim. If the parties are interested in discussing settlement, they should notify the magistrate judge at the next scheduled magistrate status hearing. A joint status report is due by October 7, 2021. The status hearing set for February 3, 2022, is stricken and advanced to November 4, 2021 at 10:30 a.m.

                                                Honorable Marvin E. Aspen
                                                United States District Judge

Date:   August 26, 2021